# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SUSAN MARIE HERBERT,**

    Petitioner,

vs.                                               Case No. 4:12cv112-WS/WCS

**DIANE JAMES, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus using the forms for filing a petition pursuant to 28 U.S.C. § 2241. Doc. 1. She did not pay the filing fee or submit a motion to proceed in forma pauperis.

Petitioner's arguments and request for relief are not at all clear. It appears she is in custody pursuant to an order of the Circuit Court in Duval County, and "facing multiple charges from an incident alleged to have occurred on October 29, 2011," for allegedly stabbing her husband with a pair of scissors. Doc. 1, attachment (p. 45 in ECF) (Electronic Case Filing). The psychological evaluation report of December 13, 2011, found that Petitioner was incompetent to proceed to trial, and met the criteria for involuntary commitment. Doc. 1, attachment (pp. 45-48 in ECF, providing state court

case number 2011-CF-011920). The first page of the report contains a handwritten notation, "need to provide order." Since Petitioner is currently held at the Florida State Hospital (FSH), an order of involuntary commitment was presumably entered by the state court in Duval County.

"[A]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" is filed pursuant to 28 U.S.C. § 2254. Petitioner is held at FSH, and challenges her custody resulting from a judgment or order of a state court in Duval County. Jurisdiction is appropriate in this court and the Middle District, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

The district of conviction is the most convenient and appropriate venue, and the petition should be transferred to the Middle District of Florida. § 2241(d). *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001) (noting the practice of district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

Finally, even if this is a pretrial challenge properly brought pursuant to § 2241,[1] the most convenient and appropriate forum is the district in which the charges remain pending and presumably the order of commitment was entered.

It is therefore respectfully **RECOMMENDED** that this cause be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on March 15, 2012.

  s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Pending state charges may be challenged in extraordinary circumstances under § 2241, but only if one of the narrow exceptions to the Younger abstention doctrine is met. *See* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-64 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005) (discussing Younger v. Harris, 401 U.S. 37. 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), other citations omitted); *see also* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-64 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005) (§ 2254 petition brought pretrial would be treated as filed pursuant to § 2241, also discussing abstention under Younge). .

Case No. 4:12cv112-WS/WCS