UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


SUSAN MARIE HERBERT,

                    Petitioner,

v.                                    Case No. 3:12-cv-469-J-34JBT


DIANE JAMES, etc.;
et al.,

                    Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

     Petitioner Susan Marie Herbert, who is detained at Florida
State Hospital (FSH) in Chattahoochee, Florida, initiated this
action by filing a pro se "Petition for a Writ of Habeas Corpus
Under 28 U.S.C. § 2241" (Petition) (Doc. #1).  In the Petition,
Herbert names the following individuals, as Respondents in the
action: (1) Diane James, the Administrator at FSH; (2) David E.
Wilkins, the Secretary of the Florida Department of Children and
Families; and (3) President Barack Obama.  Herbert asserts that her
arrest is "bad," the charges are "incorrect," the bail is
excessive, the involuntary commitment is unjustified, and that no
accommodations were provided for her disability (a crushed hand).

While Herbert's Petition is not a model of clarity, in support of the Petition, she sets forth her account of the myriad of ways in which she believes she has been harmed since birth, stating: "I, Susan, was born into lethal harm . . . ." Petition, attached "Issues and Grounds," at 3. Her claims center upon her desire to vote and challenge the natural birth clause, her ascension to "the seat of President and Commander," and her "intent upon entering SCOTUS [(Supreme Court of the United States)] as the greatest honor any American can achieve and the only way any living person becomes a living institution is when their name appears in a Petition arguing or making an exactly worded point of law perfectly or elegantly." Id. at 6, 8, 13, 27. With respect to President Obama, Herbert asserts that he threatened her because she challenged his birthright in federal court. Id. at 16-20, 28. She concedes that, with these latest developments relating to her arrest and the fact that she possesses "the actual science [(United States law)], she may lose the next presidential election." Id. at 19, 22.

Indeed, her arguments and request for relief are not at all clear. Nevertheless, it appears that she is challenging the legality of her detention and the conditions at FSH as well as a variety of other alleged illegalities. Any claims concerning the alleged substandard conditions at FSH should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. However, any claims challenging her pretrial detention and/or any state court

2

convictions should be raised in a separate habeas corpus petition pursuant to 28 U.S.C. § 2254.  Furthermore, Petitioner must exhaust the state court remedies with regard to her habeas corpus claims.

This case will be dismissed without prejudice to Petitioner's right to refile if she elects to do so on the proper forms, which will be provided to her.  The Clerk of the Court will be directed to send Petitioner the proper forms for her use.  The filing fee for a habeas corpus case is $5.00, while the filing fee for a civil rights action is $350.00.  Petitioner may file an Affidavit of Indigency if she does not have adequate funds to pay the full filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to refile on the proper forms.

2.   The Clerk of Court shall enter judgment **dismissing this case without prejudice**.

3.   The Clerk of Court shall close this case.

3

4.    The Clerk of Court shall send a civil rights complaint form, a habeas corpus petition form and two (2) Affidavit of Indigency forms to Petitioner.  If Petitioner elects to refile, she may complete and submit the proper forms.  Petitioner should not place this case number on the forms.  The Clerk will assign a separate case number if Petitioner elects to refile her claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of April, 2012.

MARCIA MORALES HOWARD
United States District Judge

sc 4/26
c:
Susan Marie Herbert